## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In re: ELDON W. GRACE, SSN: xxx-xx-0231,
and DIANNA J. GRACE, SSN: xxx-xx-4455,

        Debtors,

ELDON W. GRACE and DIANNA J. GRACE,

        Plaintiffs/Appellees,

v.                                                    Civ. No. 05-1301 JP/LAM
                                          Bankruptcy No. 7-04-14547 SA
                                          Adversary No. 04-1199 S

MRT HEAVY HAULING,

        Defendant/Appellant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION ON BANKRUPTCY APPEAL[1]

### Introduction

**THIS MATTER** is before the Court on an appeal by Appellant MRT Heavy Hauling (hereinafter, "Appellant" or "MRT") from the United States Bankruptcy Court.[2]  As discussed more fully below, the only issue on appeal over which this Court has jurisdiction is MRT's appeal from the

---

[1]**Within ten (10) days after a party is served with a copy of this proposed analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed analysis and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed analysis and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]MRT elected to have this appeal heard by the district court instead of a bankruptcy appellate panel by filing an election pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bank. P. 8001(e).  *See Election to Have Bankruptcy Appeal Heard in the United States District Court* (*Doc. 4*), filed on December 28, 2005.  Unless otherwise noted, all references to document numbers in this proposed analysis and recommended disposition are to documents numbers in the district court's docket.  References to documents and transcripts filed in Adversary Proceeding No. 04-1199 S that are contained in the record on appeal (hereinafter, "*Record*" or "*R.*"), are cited to the *Record* with their document numbers from the bankruptcy court's docket as follows: "*R., Vol. No., Adv. Proc. Doc. No.*"

bankruptcy court's ***Order Granting in Part and Denying in Part MRT Heavy Hauling's Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc (docs 37, 38, 39)***, filed as *Document 44* in Adversary Proceeding 04-1199 S on December 2, 2005.[3]  Also before the Court is ***Appellees['] Motion to Dismiss Appeal and Motion for Damages Under Rule 8020*** (*Doc. 8*), filed on January 31, 2006, by Appellees Eldon and Dianna Grace (hereinafter, "Appellees" or "the Graces").  The district court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).[4]  The parties have submitted appellate briefs and exhibits (*Docs. 14, 15 and 16*).  They have also submitted briefs on the Graces' motion to dismiss  (*Docs. 8 and 9*).[5]  No oral argument is necessary.  After considering the Graces' motion to dismiss, the parties' briefs, the two-volume *Record*, and relevant law, the Court concludes that the Graces' motion to dismiss is well-taken, in part; that MRT's appeal is not well-taken; and that sanctions should not be imposed against MRT for a frivolous appeal.  Therefore, the Court recommends, for the reasons set forth below, that the Graces' motion to dismiss be granted in part and denied in part, that the bankruptcy court's decision be affirmed, and that the Graces' request for an award of attorneys' fees and costs, as a sanction against MRT, be denied.

## Background

This appeal arises out of a contentious adversary proceeding in which the bankruptcy court determined the rights of MRT and the Graces to a 1998 Peterbilt semi-trailer truck.  A review of the

---

[3]*R., Vol. 1, Adv. Proc. Doc. 44.*

[4]This statute gives the federal district courts jurisdiction to hear appeals from, *inter alia*, "final judgments, orders and decrees."  28 U.S.C. § 158(a)(1).

[5]The Graces did not file or serve a timely reply in support of their motion to dismiss which constitutes consent that briefing on the motion is complete.  *See* D.N.M.LR-Civ. 7.1(b).

factual and procedural background of the adversary proceeding is helpful to understanding the issues on appeal.  The facts were ascertained by reference to the parties' briefs and the *Record*.

On June 18, 2004, the Graces filed petitions for relief under Chapter 7 of the United States Bankruptcy Code.[6]  On October 4, 2004, the Graces filed an adversary proceeding against MRT in the bankruptcy court seeking to recover possession of the truck which MRT had repossessed from the Graces in June of 2004.[7]  The Graces' complaint in the adversary proceeding also sought compensatory and punitive damages, attorneys' fees and costs.[8]  Although the Graces were represented by an attorney when they filed their adversary complaint, they appeared *pro se* at trial after their bankruptcy attorney withdrew.[9]

On July 20, 2005, the Honorable James Starzynski, United States Bankruptcy Judge, conducted a trial on the merits on the claims in the Graces' adversary complaint.[10]  On October 13, 2005, Judge Starzynski filed a memorandum opinion in which he found that the truck was sold, not leased, by MRT to the Graces, and that the Graces owed MRT $13,261.62 to complete their contract payment obligation.[11]  At the conclusion of his memorandum opinion, Judge Starzynski wrote:

---

[6]*See **Verified Complaint for Damages and to Compel Turnover of Property** (R., Vol. 1, Adv. Proc. Doc. 1),* at ¶ 3.

[7]*See **Verified Complaint for Damages and to Compel Turnover of Property** (R., Vol. 1, Adv. Proc. Doc. 1).*

[8]*Id.* at 2.

[9]*See **Appellees['] Motion to Dismiss Appeal and Motion for Damages Under Rule 8020** (Doc. 8), at ¶ 4.*

[10]*See **Transcript of Proceedings Held on December 2, 2005** (R., Vol. 2, Adv. Proc. Doc. 67), at 4.*

[11]*See **Memorandum Opinion on Complaint for Damages and to Compel Turnover of Property** (R., Vol. 1, Adv. Proc. Doc. 30),* at 22-23.

The Court finds that Defendant repossessed the Peterbilt in violation of the automatic stay; that the Contract was an agreement for sale and purchase and not merely a lease; that Defendant should be equitably estopped from asserting that the Contract was merely a lease and not a lease-to-own agreement; and that Grace was not given the contractual right to cure the curable defaults and was prevented from paying off the Peterbilt.  The Court finds that Plaintiffs owe six payments of $2,210.27 each to MRT, for a total of $13,261.62, to complete the Contract payment obligation.  Upon tender by Plaintiffs of that amount to MRT within twenty days from the entry of this memorandum opinion and accompanying judgment, MRT shall deliver the Peterbilt to Grace free and clear of liens and in the condition it was when MRT repossessed the Peterbilt in June 2004.

A judgment reflecting this Memorandum Opinion will enter.[12]

On October 13, 2005, Judge Starzynski filed a judgment in the adversary proceeding.[13]  The judgment required the Graces to pay $10,793.81, plus interest, to MRT, and required MRT to return the truck to the Graces within five days of receiving payment.[14]  The judgment denied the Graces' requests for damages, attorneys' fees and costs.[15]  On October 18, 2005, Judge Starzynski filed an amended judgment which required the Graces to pay $13,261.62 to MRT, with no interest, and required MRT to return the truck to the Graces within five days of receiving payment.[16]  The amended judgment also denied the Graces' requests for damages, attorneys' fees and costs.[17]

Neither the initial judgment nor the amended judgment included the requirement contained in the memorandum opinion that the Graces tender payment for the truck within twenty days from

---

[12]*Id.*

[13]*See* **Judgment** (*R., Vol. 1, Adv. Proc. Doc. 31*).

[14]*Id.* at ¶¶ 2-3.

[15]*Id.* at ¶ 4.

[16]*See* **Amended Judgment** (*R., Vol. 1, Adv. Proc. Doc. 32*), at ¶¶ 2-3.

[17]*Id.* at ¶ 4.

entry of the memorandum opinion and accompanying judgment.  Due to a high volume of bankruptcy filings, the memorandum opinion, the judgment and the amended judgment were not entered on the bankruptcy court docket until October 21, 2005.[18]

Judge Starzynski found that sometime prior to November 8, 2005, MRT's counsel told Mr. Grace that he might be given possession of the truck without its title, after he paid the amount owed to MRT, which made it necessary for the Graces to find alternative financing and led them to tender payment to MRT after November 7th.[19]  On November 8, 2005, the Graces tendered a cashier's check to MRT's attorney for payment of the amended judgment.[20]  The cashier's check, in the amount of $13,261.62, was made payable to Mr. Grace.[21]  MRT's attorney refused this tender, believing it was untimely.[22]

On November 22, 2005, Judge Starzynski held a hearing in the adversary proceeding.[23]  This hearing was prompted by a request for hearing filed by the Graces on November 9, 2005, requesting additional time to tender payment to MRT for the truck.[24]  Judge Starzynski construed the Graces' request for hearing as a request to enforce the terms of the amended judgment.[25]  Notice of the

---

[18] See **Transcript of Proceedings Held on December 2, 2005** (*R., Vol. 2, Adv. Proc. Doc. 67*), at 11.  *See also* **Response Brief of Appellees Eldon Grace and Dianna Grace** (*Doc. 15*), Addendum to Brief, at pages numbered 8-9.

[19] *Id.* at 6.

[20] *Id.* at 5.  A copy of the cashier's check is attached to the **Hearing Request** (*R., Vol 1, Adv. Proc. Doc. 33*), although it is nearly illegible.

[21] See **Transcript of Proceedings Held on December 2, 2005** (*R., Vol 2, Adv. Proc. Doc. 67*), at 5.

[22] See **Brief for Appellant MRT Heav[y] Hauling** (*Doc. 14*), at 3.

[23] See **Transcript of Proceedings Held on November 22, 2005** (*R., Vol 2, Adv. Proc. Doc. 65*), at 1-28.

[24] See **Hearing Request** (*R., Vol. 1, Adv. Proc. Doc. 33*).

[25] See **Transcript of Proceedings Held on November 22, 2005** (*R., Vol. 2, Adv. Proc. Doc. 65*), at 20-21.

November 22nd hearing was filed and mailed by the Bankruptcy Court on November 10, 2005.[26]
However, on or about November 15, 2005, MRT allegedly sold the truck.[27]

At the November 22nd hearing, Judge Starzynski made an oral ruling that the operative
requirement for the return of the truck to the Graces was the tender of $13,261.62, the amount
required by the amended judgment, to MRT.[28]  In connection with his ruling, Judge Starzynski
determined that the twenty-day deadline for tendering payment to MRT contained in the
memorandum opinion was not binding because it was not contained in the amended judgment.[29]
Judge Starzynski concluded that the amended judgment, which had no twenty-day deadline for
payment, was the controlling document and that its provisions controlled over the provisions of the
memorandum opinion.[30]  Given that there was no deadline for payment in the amended judgment,
Judge Starzynski found that the Graces' tender of payment to MRT on November 8, 2005, should
have been accepted by MRT,[31] and that MRT was obligated to deliver the truck, together with its

---

[26]*See* **Transcript of Proceedings Held on December 2, 2005** (*R., Vol. 2, Adv. Proc. Doc. 67*), at 5.

[27]It is unclear from the *Record* whether MRT actually sold the truck to a third-party.  Judge Starzynski noted the lack of evidence on this subject during his oral ruling on MRT's motion to reconsider or to amend the judgment. *See* **Transcript of Proceedings Held on December 2, 2005** (*R., Vol. 2, Adv. Proc. Doc. 67*), at 6-8.

[28]*See* **Transcript of Proceedings Held on November 22, 2005** (*R., Vol. 2, Adv. Proc. Doc. 65*), at 8-9, 18-19, 20.  No written order of this ruling was entered in the adversary proceeding.

[29]*Id.* at 3-4, 10-11, 16.

[30]*Id.* at 4, 10-11.  At the November 22nd hearing, Judge Starzynski acknowledged that it was probably his intention to include the twenty-day payment deadline in the judgments but did not, and he also noted that neither party brought to his attention the absence of the twenty-day payment requirement from the judgments.  *Id.* at 4.  At a subsequent hearing on November 29, 2005, Judge Starzynski stated that it was his intention to include the twenty-day payment deadline in the judgments but did not.  *See* **Transcript of Proceedings Held on November 29, 2005** (*R., Vol. 2, Adv. Proc. Doc. 66*), at 9.

[31]*See* **Transcript of Proceedings Held on November 22, 2005** (*R., Vol. 2, Adv. Proc. Doc. 65*), at 11. Judge Starzynski concluded that the fact that the check tendered to MRT's attorney on November 8, 2005, was made payable to Mr. Grace did not impair the tender because Mr. Grace could have simply endorsed the check to MRT. *Id.* at 17.

title, to the Graces within five days of their tender of $13,261.62 to MRT.[32]   Judge Starzynski found

that the Graces' legal rights under the amended judgment were not altered by their mistaken belief

that the deadline for the tender of funds to MRT was twenty days after the memorandum opinion was

filed.[33]   At the end of the November 22nd hearing, the Graces made a second tender of funds to

MRT, but this tender was refused by MRT's attorney.[34]   This tender was by a cashier's check, made

payable to MRT, in the amount of $13,261.62.[35]

On November 23, 2005, MRT filed a motion for reconsideration of Judge Starzynski's oral

ruling on November 22, 2005.[36]   In its motion, MRT argued that the deadline for the tender of funds

to MRT was the twenty-day deadline contained in the memorandum opinion.[37]   MRT calculated this

deadline as running from October 13, 2005, the date that the memorandum opinion was filed in the

bankruptcy court, making the last day for the tender of funds November 2, 2005, according to

MRT.[38]   In addition, MRT argued that even if the twenty-day deadline ran from October 18, 2005,

the date that the amended judgment was filed in the bankruptcy court, the last day for the tender of

---

[32]*Id.* at 18.

[33]*Id.* at 24-25.

[34]*Id.* at 21-22.

[35]*Id.*

[36]See ***Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc*** (*R., Vol. 1, Adv. Proc. Docs. 37, 38 and 39*), at 2-4.  This motion was docketed as three separate items on the Bankruptcy Court's ACE docketing system because the motion requested multiple types of relief.  See ***Transcript of Proceedings Held on December 2, 2005*** (*R., Vol. 2, Adv. Proc. Doc. 67*), at 2.

[37]See ***Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc*** (*R., Vol. 1, Adv. Proc. Docs. 37, 38 and 39*), at ¶¶ 7-8.

[38]*Id.* at ¶ 2.

7

funds should have been November 7, 2005.[39]  Thus, according to MRT, the Graces' tender of funds

on November 8, 2005, was untimely under the twenty-day deadline in the memorandum opinion

regardless of whether it was calculated from the date the memorandum opinion was filed or the date

the amended judgment was filed.  MRT's motion made much of the fact that the Graces understood

November 7, 2005, to be the deadline for tendering funds to MRT.[40]  As relief, MRT asked the

bankruptcy court to reverse its oral ruling that the provisions of the amended judgment, which had

no twenty-day deadline for payment, controlled over the provisions of the memorandum opinion.[41]

In the alternative, MRT asked the bankruptcy court to amend the amended judgment, *nunc pro tunc*,

to incorporate the twenty-day deadline from the memorandum opinion and have the amendment relate

back to October 13, 2005, the date that the initial judgment was filed.[42]

On November 29, 2005, Judge Starzynski held an evidentiary hearing on MRT's motion to

reconsider or to amend the judgment.[43]  Mr. Grace and Melissa Cole, President of MRT, testified at

the hearing.[44]  On December 2, 2005, Judge Starzynski gave his oral ruling on the motion.[45]  He

granted the motion in part, in that he reconsidered whether his ruling allowing payment to be made

---

[39]*Id.*

[40]*Id.* at ¶¶ 2, 7.

[41]*Id.*, prayer for relief at 4.

[42]*Id.* at 4-6.  Although the initial judgment was filed in the bankruptcy court on October 13, 2005, the prayer for relief in MRT's motion erroneously gave this date as November 13, 2005.  *Id.*, prayer for relief at 6.  In its motion, MRT also asked the Court to stay enforcement of the amended judgment pending ruling on its motion for reconsideration; however, that issue is not relevant to this appeal.  *Id.* at ¶ 12.

[43]*See Transcript of Proceedings Held on November 29, 2005* (R., Vol. 2, Adv. Proc. Doc. 66), at 1-96.

[44]*Id.* at 22-65, 67-69.

[45]*See Transcript of Proceedings Held on December 2, 2005* (R., Vol. 2, Adv. Proc. Doc. 67), at 1-41.

by the Graces and the truck delivered to them was correct, but he denied the motion in that he did not change his ruling and determined that he would enforce his ruling by requiring MRT to deliver the truck to the Graces in exchange for the payment of $13,261.62.[46]  In his oral ruling, Judge Starzynski also found that an amendment of the amended judgment, *nunc pro tunc*, to include the twenty-day deadline from the memorandum opinion, was not justified.[47]

In his December 2, 2005, oral ruling on the motion, Judge Starzynski found that the memorandum opinion, the initial judgment and the amended judgment were entered on October 21, 2005, the date they were entered on the bankruptcy court docket, not on the dates they were filed with the bankruptcy court clerk.[48]  Given this docketing date, Judge Starzynski concluded that the twenty-day deadline for tender of payment contained in the memorandum opinion ran from October 21st, the date the memorandum opinion and the judgments were entered on the docket, until November 10th, the last day that payment could be tendered to MRT.[49]  Judge Starzynski found that there was uncontroverted evidence that the Graces tendered payment to MRT on November 8, 2005, which was a timely tender.[50]  Judge Starzynski also found that it made no difference that MRT and the Graces mistakenly thought that the last day to tender payment was November 7th.[51]  He also found that MRT was required to tell Mr. Grace if it objected to the bank check he tendered on

---

[46]*Id.* at 3.

[47]*Id.* at 15.

[48]*Id.* at 8-12.

[49]*Id.* at 11.

[50]*Id.* at 11-12.

[51]*Id.* at 12.  November 7th was twenty days after October 18, 2005, the date the amended judgment was filed with the bankruptcy court clerk, although it was not docketed until October 21, 2005.

9

November 8th because it was payable to Mr. Grace, rather than to MRT, and that Mr. Grace could have easily remedied this problem by endorsing the check to MRT, or by paying MRT with a personal check or another bank check made payable to MRT, since there was no requirement that the Graces pay with certified funds.[52]  By way of explanation, Judge Starzynski apologized to the parties during his oral ruling that he had not thought of the docketing rules previously but stated that he was obligated to apply the correct law to the facts of the case.[53]

As an additional reason for his December 2nd oral ruling on MRT's motion, Judge Starzynski reiterated his determination at the November 22nd hearing that the twenty-day deadline for tendering payment to MRT contained in the memorandum opinion was not applicable because it was not contained in the judgment.[54]  He cited the case of *Eakin v. Continental Illinois National Bank and Trust Company of Chicago*, 875 F.2d 114 (7th Cir. 1989), in support of his conclusion that the amended judgment was the controlling document and that its provisions, which did not contain a deadline for tendering payment, controlled over the provisions of the memorandum opinion which required payment within twenty days.[55]

Judge Starzynski made other findings in his December 2nd oral ruling on MRT's motion, including a finding that MRT acted in bad faith and caused delay in the tender of payment by the Graces by threatening to not deliver title along with possession of the truck.[56]  He found that but for

---

[52]*Id.*

[53]*Id.* at 12-13.

[54]*Id.* at 13.

[55]*Id.* at 13-14.

[56]*Id.* at 15.

this threat, the Graces would have been able to borrow funds to make a tender to MRT before November 8th.  For this reason alone, Judge Starzynski found that an amendment of the amended judgment *nunc pro tunc* was not justified.[57]  Judge Starzynski also found that there was no evidence of prejudice to MRT by requiring it to comply with the amended judgment because: (1) there was no evidence that MRT actually sold the truck to an independent third party; and (2) if MRT did sell the truck, as alleged, it did so with notice of the Graces' request for hearing filed on November 9th, and based on its own mistaken calculation of the deadline for tendering payment to MRT.[58]

On December 2, 2005, Judge Starzynski entered a written order ruling on MRT's motion to reconsider or to amend the judgment.[59]  In this order, Judge Starzynski granted MRT's motion for reconsideration in part, by reconsidering his November 22nd oral ruling that the Grace's tender of funds to MRT was timely, and denied the motion for reconsideration in part, by affirming his November 22nd oral ruling that Grace's tender of funds was timely.[60]  In this order, Judge Starzynski also denied MRT's request for an extension of time for execution of the amended judgment and denied MRT's request to amend the amended judgment *nunc pro tunc*.[61]

On December 2, 2005, Judge Starzynski also entered an order in aid of enforcing judgment.[62] This order required MRT to deliver the truck, free and clear of liens and in the condition it was in

---

[57]*Id.*

[58]*Id.* at 16.

[59]*See* **Order Granting in Part and Denying in Part MRT Heavy Hauling's Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc (docs 37, 38, 39)** (*R., Vol. 1, Adv. Proc. Doc. 44*).

[60]*Id.* at 1-2.

[61]*Id.* at 2.

[62]*See* **Order in Aid of Enforcing Judgment** (*R., Vol. 1, Adv. Proc. Doc. 45*).

when MRT repossessed it from the Graces on June 4, 2004, reasonable wear and tear excepted, together with its title, at the MRT trucking yard on December 8, 2005, at 9:00 a.m. (MT), at which time and place the Graces were to tender their check for $13,261.62 to MRT endorsed over to MRT.[63]  In the order, Judge Starzynski set a hearing for the afternoon of December 8th to address any complaints or problems related to delivery of the truck for the tendered funds.[64]

On December 7, 2005, following an evidentiary hearing held on December 6, 2005, Judge Starzynski entered an order requiring MRT to return the truck to its yard and make it available for inspection and delivery to the Graces at 9:00 a.m. on December 9, 2005.[65]  The order provided that the truck was to be stored pending delivery to the Graces or pending an appeal, and if the truck remained in the lot after 9:00 a.m. on December 9, 2005, MRT was to park it, store it, not drive or otherwise use it, protect it, insure it and make sure it remained in the same condition it was in when the Graces tendered payment on November 8, 2005.[66]

This appeal followed when MRT filed a notice of appeal in the bankruptcy court on December 12, 2005,[67] which was filed in the district court on December 13, 2005.[68]

---

[63]*Id.* at 1.

[64]*Id.* at 2.

[65]See ***Order on Plaintiff's Motion to Park Vehicle and on Defendant's Motion for Determination of Supersedeas Bond*** (*R., Vol. 1, Adv. Proc. Doc. 49*), at 1-2.

[66]*Id.* at 2.

[67]See **Notice of Appeal** (*R., Vol. 1, Adv. Proc. Doc. 54*).

[68]The notice of appeal filed in the bankruptcy court was filed in the district court as an attachment to the ***Clerk's Certificate of Service of Notice of Appeal*** (*Doc. 1*).

**Issues on Appeal**

The issues on appeal from the adversary proceeding are somewhat difficult to ascertain because MRT does not consistently articulate what those issues are in its submissions.  In its notice of appeal, MRT states that it is appealing from: (1) the memorandum opinion, the initial judgment and the amended judgment entered in the adversary proceeding; (2) Judge Starzynski's oral ruling at the hearing held on November 22, 2005; and (3) Judge Starzynski's written order entered on December 2, 2005, denying MRT's motion to reconsider or to amend the judgment.[69]  However, in its brief-in-chief on appeal, MRT describes the issues on appeal as being whether the bankruptcy court erred when: (1) the court found that the deadline for tender of payment contained in the memorandum opinion had no effect; (2) the court concluded that the deadline for tender of payment ran from entry of the memorandum opinion and judgments on the docket; (3) the court denied MRT's motion to amend the amended judgment to impose the deadline *nunc pro tunc*; (4) the court failed to amend the amended judgment *nunc pro tunc*; and (5) the court concluded that the amended judgment controlled if any discrepancies existed.[70]  Thus, the issues on appeal described in MRT's brief-in-chief relate exclusively to decisions made by Judge Starzynski during his oral rulings on November 22 and December 2, 2005, respectively, and to his written order ruling on MRT's motion to reconsider and to amend the judgment that was entered on December 2, 2005.  Additionally, in its response to the Graces' motion to dismiss filed in this appeal, MRT appears to concede that an appeal from the memorandum opinion and the judgments entered in the adversary proceeding is time-barred and to contend that it is only appealing Judge Starzynski's decision to deny MRT's post-trial

---

[69] *See **Notice of Appeal** (R., Vol. 1, Adv. Proc. Doc. 54*), at 1.

[70] *See **Brief for Appellant MRT Heav[y] Hauling** (Doc. 14*), at 1.

13

motion to reconsider or to amend the judgment which is contained in his written order entered on December 2, 2005.[71]

In their appellate response brief, the Graces assert that MRT is time-barred from appealing any orders entered in the adversary proceeding prior to December 2, 2005, because MRT did not file its notice of appeal until December 12, 2005.[72]   In support of their position, the Graces cite Fed. R. Bank. P. 8002(a) which provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  The Graces argue that the only real issue in this appeal is whether Judge Starzynski erred in ruling, in his order entered on December 2, 2005, that the Graces' tender of funds to MRT was timely.[73]  The Graces contend that Judge Starzynski correctly concluded that the Graces' tender of funds to MRT was timely.

### Standard of Review

In reviewing a bankruptcy court decision, the district court reviews the bankruptcy court's legal determinations *de novo* and its factual findings under the "clearly erroneous" standard.  *See In re Hodes*, 402 F.3d 1005, 1008 (10th Cir. 2005).  A bankruptcy court's finding of fact is clearly erroneous "if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made."  *In re Peterson Distributing, Inc.*, 82 F.3d 956, 959 (10th Cir. 1996).

---

[71]*See **Appellant's Response to Motion to Dismiss Appeal** (Doc. 9)*, at 1.

[72]*See **Response Brief of Appellees Eldon Grace and Dianna Grace** (Doc. 15)*, at i.

[73]*Id.*

## Analysis

**A.      Appellees' Motion to Dismiss**

As an initial matter, the Court must consider the Graces' motion to dismiss.[74]  This motion was filed and briefed before the parties filed their appellate briefs in this appeal.  In their motion to dismiss, the Graces argue that MRT's appeal is time-barred under Fed. R. Bank. P. 8002(a) because MRT filed its notice of appeal on December 12, 2005, more than ten days after the bankruptcy court entered its memorandum opinion, judgment and amended judgment in the adversary proceeding on October 21, 2005.[75]  The Graces argue that MRT's post-trial motion to reconsider or to amend the judgment did not extend the deadline for filing an appeal from the adversary proceeding and, therefore, this Court lacks appellate jurisdiction to review any of Judge Starzynski's decisions.[76]  The Graces also contend that this jurisdictional defect makes MRT's appeal frivolous, within the meaning of Fed. R. Bank. P. 8020, justifying an award of damages to the Graces.[77]  Notwithstanding the foregoing, the Graces modify their position on jurisdiction in their appellate response brief.  In their response brief, the Graces concede that this Court has jurisdiction over MRT's appeal from Judge Starzynski's written order entered on December 2, 2005, denying MRT's post-trial motion to reconsider or to amend the judgment.[78]

---

[74]*See **Appellees Motion to Dismiss Appeal and Motion for Damages Under Rule 8020** (Doc. 8).*

[75]*See **Appellees Motion to Dismiss Appeal and Motion for Damages** (Doc. 8), at 2.*

[76]*Id. at 2-3.*

[77]*Id. at 3.*

[78]*See **Response Brief of Appellees Eldon Grace and Dianna Grace** (Doc. 15), at iii.*

As noted above, MRT, in its response to the Graces' motion to dismiss, appears to contend that it is only appealing Judge Starzynski's decision to deny MRT's post-trial motion to reconsider or to amend the judgment which is contained in his written order entered on December 2, 2005.[79] MRT argues that its appeal from the denial of this motion was timely and, therefore, this Court has jurisdiction over the appeal.[80]

A timely appeal is a prerequisite for appellate review.   In a bankruptcy appeal, the time for filing a notice of appeal is set forth in Fed. R. Bank. P. 8002(a) which provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  This rule "is strictly construed and requires strict compliance," and the failure to timely file a notice of appeal is "a jurisdictional defect barring appellate review by the district court."  *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992).  Certain post-judgment motions, specified in Fed. R. Bank. P. 8002(b), none of which are relevant to this case, can extend the ten-day time limit for filing a notice of appeal if the motions are timely filed.[81]

---

[79]*See* **Appellant's Response to Motion to Dismiss Appeal** (*Doc. 9*), at 1.

[80]*Id.*

[81]These motions are (1) a motion to amend or make additional findings of fact under Fed. R. Bank. P. 7052, regardless of whether granting the motion would alter the judgment, which must be filed within ten days after entry of judgment pursuant to Fed. R. Bank. P. 7052 and Fed. R. Civ. P. 52(b); (2) a  motion to alter or amend a judgment under Fed. R. Bank. P. 9023 which must be filed within ten days after entry of judgment pursuant to Fed. R. Bank. P. 9023 and Fed. R. Civ. P. 59(e), except as provided in Fed. R. Bank. P. 3008 (in the case of a motion for reconsideration of an order allowing or disallowing a claim against an estate); (3) a motion for a new trial under Fed. R. Bank. P. 9023, which must be filed within ten days after entry of judgment pursuant to Fed. R. Bank. P. 9023 and Fed. R. Civ. P. 59(b), except as provided in Fed. R. Bank. P. 3008 (in the case of a motion for reconsideration of an order allowing or disallowing a claim against an estate); and (4) a motion for relief from a judgment or order pursuant to Fed. R. Bank. P. 9024, if the motion is filed no later than ten days after entry of judgment.  *See* Fed. R. Bank. P. 8002(b).

In this case, MRT's notice of appeal was filed in the bankruptcy court on December 12, 2005.[82]  Thus, MRT's appeal from Judge Starzynski's written order entered on December 2, 2005, denying MRT's post-trial motion to reconsider or to amend the judgment, was timely filed under Fed. R. Bank. P. 8002(a) because the notice of appeal was filed within ten days after entry of the order.[83]  Accordingly, this Court has jurisdiction over MRT's appeal from the December 2, 2005 order.  However, MRT's notice of appeal was not timely filed in the bankruptcy court with regard to the memorandum opinion, the initial judgment or the amended judgment which were entered on October 21, 2005, and, therefore, this Court does not have jurisdiction to consider an appeal from those matters.  This Court does not have jurisdiction over MRT's appeal from any oral rulings made by Judge Starzynski on November 22 and December 2, 2005, respectively, because these oral rulings were not appealable "final judgments, orders and decrees" pursuant to 28 U.S.C. § 158(a).  Therefore, there is no jurisdiction to consider those rulings on appeal.  Based on the foregoing, the Court concludes that the Graces' motion to dismiss should be granted as to all matters appealed by MRT other than MRT's appeal from Judge Starzynski's written order entered on December 2, 2005, denying MRT's post-trial motion to reconsider or to amend the judgment.

In their motion to dismiss, the Graces argue that this Court's lack of jurisdiction over MRT's appeal makes the appeal frivolous, justifying an award of damages to the Graces.   Under Fed. R. Bank. P. 8020, sanctions can be awarded against a party who files a frivolous appeal.

---

[82]*See Notice of Appeal* (*R., Vol. 1, Adv. Proc. Doc. 54*).

[83]The Court notes that a ruling on a post-judgment motion can generally be appealed in an independent appeal separate from the underlying judgment provided that the scope of the independent appeal is "'restricted to the questions properly raised by the post-judgment motion'" and does "'not extend to revive lost opportunities to appeal the underlying judgment.'"   *In re Lang*, 414 F.3d 1191, 1196 (10th Cir. 2005), citing to and quoting 15B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3916, at 351 (2d ed. 1992).

However, sanctions are not appropriate in this case because the Court does have jurisdiction over MRT's appeal from Judge Starzynski's written order entered on December 2, 2005, denying MRT's post-trial motion to reconsider or to amend the judgment. Therefore, the Graces' request for sanctions in their motion to dismiss should be denied.

**B.      Merits of the Appeal**

The issues raised by MRT in its appeal from Judge Starzynski's order denying MRT's post-trial motion to reconsider or to amend the judgment come down to a single question: whether Judge Starzynski erred in denying the motion based on his conclusion that the Graces' tender of payment to MRT's attorney on November 8, 2005, was timely. In MRT's submission in this appeal, it does not dispute Judge Starzynski's findings and conclusions that the November 8th tender by the Graces was in the correct amount or that the check tendered by the Graces could have been endorsed by Mr. Grace so it was payable to MRT. MRT simply contends that the November 8th tender was untimely and, therefore, it was properly rejected by MRT's attorney.

Resolution of this question involves an interpretation of the amended judgment, which is a question of law. *See* 46 Am. Jur. 2d *Judgments*, § 73 (2006); *In re 85-02 Queens Boulevard Associates*, 212 B.R. 451, 455 (Bankr. E.D. N.Y. 1997). The amended judgment is the relevant document because it creates the payment obligation of the Graces. The case of *Eakin v. Continental Illinois National Bank and Trust Company of Chicago*, 875 F.2d 114 (7th Cir. 1989), cited by Judge Starzynski in his oral ruling on December 2, 2005,[84] is on point. In that case, the Seventh Circuit, faced with a conflict between the provisions of a trial court's opinion and its related

---

[84] *See **Transcript of Proceedings Held on December 2, 2005** (R., Vol. 2, Adv. Proc. Doc. 67), at 13.*

judgment, held that "[j]udicial opinions do not create obligations; judgments do[,]" and "[i]n the event of a conflict between the opinion and the judgment, the judgment controls."  *Id.* at 118.

Judgments are construed like other written instruments.  If "the language of a judgment is clear and unambiguous, the reviewing court must adopt, and give effect to, the plain meaning of the judgment[.]"  *In re 85-02 Queens Boulevard Associates*, 212 B.R. 451, 455 (Bankr. E.D. N.Y. 1997), quoting 46 Am. Jur. 2d, *Judgments* § 93 (1994) (internal quotation marks omitted); *see also Spearman v. J & S Farms, Inc.*, 755 F. Supp. 137, 140 (D.S.C. 1990) ("A judgment which is clear and unambiguous must be given its plain meaning and consequent legal effect").  Language in a judgment is ambiguous if it "can reasonably be construed as having at least two alternative meanings."  46 Am. Jur. 2d *Judgments*, § 74 (2006).  If language in a judgment is ambiguous, "the reviewing court may look to extrinsic evidence to resolve any ambiguity . . . which includes looking at the entire record."  46 Am. Jur. 2d *Judgments*, § 76 (2006) (footnotes omitted).

In this case, the amended judgment entered by Judge Starzynski on October 21, 2005, states, with regard to payment by the Graces, that "Plaintiffs shall pay the remaining balance due on the Contract, equaling six payments of $2,210.27, for a total of $13,261.62[.]"[85]  This language is unambiguous, and it plainly does not impose on the Graces a time limit for payment.  Because this language is unambiguous, there is no reason to look to the memorandum opinion or other parts of the record of the adversary proceeding in order to graft a time limit for payment on the amended judgment.  Because there was no time limit in the amended judgment for the Graces to tender payment of $13,261.62 to MRT, the Graces' initial tender of that amount to MRT's attorney on November 8, 2005, was timely.

---

[85]**Amended Judgment**  (*R., Vol. 1, Adv. Proc. Doc. 32*), at 1.

Even if the Court were convinced by MRT's argument that the twenty-day time limit for payment in Judge Starzynski's memorandum opinion was, or should be, binding on the Graces, the undisputed facts show that the Graces' initial tender of payment on November 8, 2005, was timely under the relevant language of the memorandum opinion imposing the twenty-day time limit.

Judge Starzynski's memorandum opinion states, in relevant part, that "[u]pon tender by Plaintiffs of [$13,261.62] to MRT within twenty days *from the entry of this memorandum opinion and accompanying judgment*, MRT shall deliver the Peterbilt to Grace free and clear of liens and in the condition it was when MRT repossessed the Peterbilt in June 2004." (emphasis added).[86]  When used with reference to documents  filed with the court, the word "enter" has a well-established legal meaning.  It means entered in the court docket by the court clerk.  *See* Fed. R. Bank. P. 5003(a) (emphasis added) ("The clerk shall keep a docket in each case under the Code and shall *enter thereon* each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts.  The entry of a judgment or order in a docket shall show the date the *entry* is made."); Fed. R. Bank. P. 9021 (emphasis added) ("Every judgment *entered* in an adversary proceeding or contested matter shall be set forth on a separate document.  A judgment is effective when *entered* as provided in Rule 5003.").  *See also Houston v. Greiner*, 174 F.3d 287, 288 (2d Cir. 1999) ("'Entry of judgment,' which is required by Fed. R. Civ. P. 58, is the act of recording in a docket maintained by the clerk of the court the fact that a judgment has been rendered. . . . The 'entry' date is not necessarily the same date that the judgment is dated, *i.e.*, signed by the judge or court clerk, nor the same date that it is filed, *i.e.*, date and time-stamped as officially received by the

---

[86]***Memorandum Opinion on Complaint for Damages and to Compel Turnover of Property*** (*R., Vol. 1, Adv. Proc. Doc. 30*), at 23.

clerk's office, thereby then formally becoming part of the court clerk's file."). The Tenth Circuit Court of Appeals has given the following description of entry on a docket:

> The district court erred in assuming that judgment was entered on the date the order was signed by the bankruptcy judge. Although this may be true in some cases, it is not true in all. 'The signing of the order or judgment by the judge does not constitute an 'entry' by the judge. The entry occurs when it is noted on the docket and thereby becomes public. . . . A document is *entered* when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document.' *In re Henry Bros. P'ship; United States*, 214 B.R. 192, 195 (8th Cir. BAP (Mo.) 1997).

*In re Faragalla*, 422 F.3d 1208, 1210 (10th Cir. 2005) (emphasis in original)

In this case, it is undisputed that Judge Starzynski's memorandum opinion and the initial and amended judgments were entered on the bankruptcy court's docket on October 21, 2005. Thus, the twenty-day period for payment under the language of the memorandum opinion would have commenced to run on October 22, 2005, and, pursuant to Fed. R. Bank. P. 9006(a),[87] would have ended on November 10, 2005, which was the twentieth day thereafter. Therefore, the Graces' tender of payment to MRT's counsel on November 8, 2005, was timely under the twenty-day time limit contained in the memorandum opinion.

Judge Starzynski's written order entered on December 2, 2005, denying MRT's post-trial motion to reconsider or to amend the judgment, should be affirmed because the Graces' tender of payment to MRT's attorney on November 8, 2005, was timely. There was no time limit in the amended judgment for the Graces to tender payment to MRT and their tender of payment on November 8, 2005, was timely under the twenty-day time limit contained in Judge Starzynski's

---

[87]Under Fed. R. Bank. P. 9006(a), the computation of a time period begins to run on the day after the day of the act or event from which the designated time period begins to run and, if the time period is more than seven days, it includes intermediate Saturdays, Sundays and legal holidays.

memorandum opinion.  There was no reason for Judge Starzynski to amend the amended judgment *nunc pro tunc* to include the twenty-day time limit, because it would not have changed the timeliness of the Graces' tender of payment to MRT.  Because a ruling on the foregoing issues fully resolves this appeal, the Court need not reach the other issues raised by the parties in their briefs.

### C.   Attorney's Fees and Costs

In their response brief, the Graces ask the Court to impose sanctions against MRT for filing a frivolous appeal by awarding the Graces their attorneys' fees and costs for this appeal.[88]  Under Fed. R. Bank. P. 8020, if a district court finds that an appeal from an order or judgment of a bankruptcy judge is frivolous, it may, upon a separately filed motion or after notice and a reasonable opportunity to respond, award damages and costs to an appellee.  The Tenth Circuit Court of Appeals has held that "[a]n appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'"  *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987), quoting *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir. 1984). Although MRT's appeal in this case is without merit, the Court concludes that it is not frivolous.  The *Record* shows that even the Graces believed at times during the adversary proceeding that the twenty-day time limit for payment in the memorandum opinion applied to them and that it expired on November 7, 2005, which was twenty days after the amended judgment was filed with the bankruptcy court.[89]  Therefore, the Court does not find an award of sanctions to be appropriate in this appeal.

---

[88]*See* **Response Brief of Appellees Eldon Grace and Dianna Grace** (*Doc. 15*), at 22.

[89]*See* **Hearing Request** (*R., Vol 1, Adv. Proc. Doc. 33*), filed by the Graces which requested "additional time to submit payment to MRT Heavy Hauling" and stated that "payment was refused by Mr. Holmes due to deadline expiration being midnight November 7, 2005."  *See also* Mr. Grace's statement during the bankruptcy hearing on November 22, 2005, that: "I was able to come up with the money.  I just came up with it on the 21st day instead of the 20th day."  **Transcript of Proceedings Held on November 22, 2005** (*R., Vol 2, Adv. Proc. Doc. 65*), at 5-6.

**Recommended Disposition**

For the reasons set forth above, the Court recommends that *Appellees['] Motion to Dismiss Appeal and Motion for Damages Under Rule 8020* (*Doc. 8*) be **GRANTED**, **in part**, as to all matters appealed by MRT other than MRT's appeal from Judge Starzynski's *Order Granting in Part and Denying in Part MRT Heavy Hauling's Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc (docs 37, 38, 39)*, filed as *Document 44* in Adversary Proceeding 04-1199 S on December 2, 2005, and that the Graces' motion to dismiss be otherwise **DENIED**.  Further, the Court recommends that Judge Starzynski's *Order Granting in Part and Denying in Part MRT Heavy Hauling's Motion for Reconsideration and Extension of Time for Execution of Judgment or in the Alternative Motion to Amend Judgment Nunc Pro Tunc (docs 37, 38, 39)*, filed as *Document 44* in Adversary Proceeding 04-1199 S on December 2, 2005, be **AFFIRMED**, and that the Graces' request for an award of attorneys' fees and costs, as a sanction against MRT pursuant to Fed. R. Bank. P. 8020, be **DENIED**.

*Lourdes a. Martinez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**